UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ADVANCED WOMEN'S HEALTH CENTER, INC., | CASE NO. 13-CV-01145 |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | (Doc. No. 15) |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, | |
| Defendants. | |

## I.   Introduction

On July 23, 2013, Advanced Women's Health Center, Inc. ("Plaintiff" or "AWHC") filed a complaint against Anthem Blue Cross Life and Health Insurance Company ("Defendant"). *See* Doc. No. 1 ("Compl."). Pursuant to the Employee Retirement Income Savings Act ("ERISA") § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3), Plaintiff's first cause of action requests injunctive relief requiring Defendant to stop offsetting current provider remunerations in order to recapture past payments. The second cause of action requests a declaration that Defendant has no legal authority to reverse benefit determinations and seeks recovery of benefits pursuant to ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). The third cause of action requests a declaration that Defendant has violated fiduciary duties and an injunction enforcing Defendant's fiduciary duties pursuant to ERISA §§ 502(a)(1)(B), 502(a)(3), and 406(b), codified at 29 U.S.C. § 1106(b). The fourth cause of action requests a declaration, pursuant to The Declaratory Judgments Act, 28 U.S.C. § 2201, that Defendant has unlawfully withheld and offset money owed to Plaintiff.

On February 03, 2014, Defendant filed a motion to dismiss all causes of action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 15 ("Mot."). Defendant alleges that Plaintiff lacks standing to sue under ERISA for the first, second, and third causes of action and fails to state a claim upon which relief can be granted for all causes of action. On March 24, 2014, Plaintiff filed a response memorandum of points and authorities in opposition to Defendant's motions to dismiss. Doc. No. 22 ("Resp.").[1] On March 31, 2014, Defendant filed a reply in support of Defendant's motions to dismiss. Doc. No. 26 ("Reply"). On April 07, 2014, Plaintiff filed a notice of new developments. Doc. No. 28. On April 08, 2014, Defendant filed a response to Plaintiff's notice of new developments. Doc. No. 29.

Defendant's motions to dismiss the first, second, and third causes of action for lack of subject matter jurisdiction will be granted with prejudice and the motion to dismiss the fourth cause of action for failure to state a claim upon which relief can be granted will be granted without prejudice.

## II.    Background[2]

Plaintiff at all times relevant to this complaint has been a medical provider in the State of California. Compl. at ¶ 1. Defendant is the plan administrator for ERISA-regulated group health benefits plans[3] and government-sponsored plans under the Patient Protection and Affordable Care Act ("PPACA"). Compl. at ¶ 4. Since September 19, 2008, Plaintiff and Defendant have been in an in-network provider agreement, known as "Blue Cross of California Prudent Buyer Plan." Doc. No. 15-3. Under the Prudent Buyer Plan, "BLUE CROSS may recover any amount paid by BLUE CROSS to PHYSICIAN…determined subsequently by BLUE CROSS to have been an

---

[1] On March 24, 2014, Plaintiff also filed a declaration of counsel standing in *pro hac vice* in opposition to Defendant's motions to dismiss. Doc. No. 24 ("Decl.").

[2] Motions to dismiss accept as true the background factual allegations alleged in the complaint as required by Rule 12(b) of the Rules of Federal Procedure. This Court does not adjudge these allegations to be true or false.

[3] Though Plaintiff has alleged no facts to support the allegation, Defense has not disputed whether the relevant plans are subject to ERISA. In the interest of judicial efficiency, this Court will assume that the plans at issue are ERISA-regulated.

overpayment, or any amount owed by PHYSICIAN to BLUE CROSS for any reason [sic]…." Doc. No. 15-3 at 6.11. As standard practice, Plaintiff requires patients to execute an assignment of benefits form.[4] Compl. at ¶ 27, 23-1.

In 2010 and 2011, Plaintiff submitted and was reimbursed for certain blood test claims and related medical services. Compl. at ¶ 9. It is unclear at what point Defendant determined it had overpaid or misauthorized services. By at least sometime in 2013, Defendant began withholding reimbursements from current clean claims in an effort to recapture what it determined were improper past payments. Compl. at ¶ 17. On February 11, 2013, Defendant issued Plaintiff a recoupment letter demanding the repayment of $295,912.87. Compl. at ¶ 40. On June 19, 2013, Plaintiff requested a Summary Plan Description, a copy of a trust agreement, a contract, and/or other instruments under which the Plan was established or operated. Compl. at ¶ 53. Defendant has not responded to Plaintiff's request. Plaintiff commenced this lawsuit on July 07, 2013, seeking the relief discussed *supra*. Defendant disputes, *inter alia*, that Plaintiff has standing under ERISA for the first, second, and third causes of action and that the PPACA plans at issue in the fourth cause of action are subject to the ERISA Claims Procedure regulations. Mot.-1 at 14.

### III. Discussion

a. **First, Second, and Third Causes of Action**

Federal courts are courts of limited jurisdiction. Article III of the Constitution limits the federal judiciary's exercise of power to the existence of a case or controversy. Central to the existence of a case or controversy is the doctrine of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Absent standing, federal courts lack subject matter jurisdiction. Defendant's motion to dismiss the first, second, and third causes of action concerns the lack of subject matter

---

[4] The assignment of benefits form that AWHC patients sign reads: "I hereby Authorize My Insurance Benefits To Be Paid Directly To The Physician And Acknowledge That I Am Financially Responsible For Any Unpaid Balance. I Also Authorize The Physician To Release Any Information Requested By The Insurance Company." Doc. No. 23, Exhibit A.

jurisdiction. Accordingly, the preliminary question this Court must answer is whether ERISA §§ 502(a)(1)(B) and 502(a)(3) confer standing upon Plaintiff to pursue the first, second, and third causes of action.

### i. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction predicated upon lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). A defendant may challenge subject matter jurisdiction in one of two ways: through a "facial attack" or a "factual attack." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack accepts the truth of the plaintiff's allegations but challenges the sufficiency of the complaint's allegation to invoke federal jurisdiction whereas a factual attack challenges the factual existence of federal jurisdiction. *See Leite*, 749 F.3d at 1121; *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013); *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Here, Defendant challenges whether there is a factual existence of subject matter jurisdiction for Plaintiff's claims under ERISA §§ 502(a)(1)(B) and (a)(3). Faced with a factual attack, District Courts may look outside the complaint to evaluate the existence of jurisdiction. *Savage v. Glendale Union High Sch. Dist. No. 205,* 343 F.3d 1036, 1040 n. 2 (9th Cir.2003); *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The court need not presume the truthfulness of the complaint's allegations. *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n. 2 (9th Cir. 2011).

### ii. Standing

At the center of this dispute is whether Plaintiff, as a medical center authorized to receive direct payment from a health plan administrator, qualifies as a beneficiary under ERISA. ERISA confers standing to recover benefits or to enforce rights under the terms of the plan upon "participants or beneficiaries." ERISA § 502(a)(1)(B). Similarly, ERISA entitles a "beneficiary, participant, or fiduciary" to pursue a civil action to enjoin any practice that violates ERISA or plan

4

terms and "to obtain other appropriate equitable relief…." ERISA § 502(a)(3). ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Plaintiff asserts that it qualifies as a beneficiary under ERISA because its patients "assign their rights to medical benefits to AWHC through an assignment of benefits form, rendering AWHC an assignee, in addition to being a plan beneficiary." Compl. at ¶ 33. Contrarily, Defendant alleges Plaintiff's interpretation of "beneficiary" and "benefits" are unsupported by Ninth Circuit precedent and that the assignment of benefits is narrowly tailored to only the right to receive payment, not to pursue ERISA claims. Reply at 10, 11. Defendant's argument is persuasive.

### A. Statutory Standing

Health care providers are not enumerated parties under ERISA's civil enforcement provisions. 29 U.S.C. §§ 1132(a)(1)(B), (a)(3); *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 F. App'x 846, 851 (11th Cir. 2013) *cert. denied,* 134 S. Ct. 1557 (U.S. 2014). Therefore, Plaintiff lacks statutory standing.

### B. Derivative Standing

ERISA forbids a beneficiary from assigning pension benefits, with the exception of three situations irrelevant to this case. 29 U.S.C. § 1056(d)(1). ERISA does not forbid assignment of employee welfare plan benefits. *See* 29 U.S.C. § 1002(1) (lacking a prohibition of benefit assignment for employee welfare benefit plans); *Blue Cross of California v. Anesthesia Care Associates Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999); *see also Davidowitz v. Delta Dental Plan of California, Inc.*, 946 F.2d 1476, 148-81 (9th Cir. 1991) ("Both the Supreme Court and this Court have stated that Congress carefully considered assignment of both pension and welfare plan benefits, and consciously decided to prohibit pension plan assignments but remain silent on welfare benefits."); *Ret. Fund Trust of Plumbing v. Franchise Tax Bd.*, 909 F.2d 1266, 1269 (9th Cir. 1990) ("Welfare plans need not provide this protection."). In limited circumstances,

the Ninth Circuit has recognized the validity of employee welfare benefit plan assignments to health care providers. *See Misic v. Building Servs. Employee Health and Welfare Trust,* 789 F.2d 1374 (9th Cir. 1986) (permitting derivative standing where physician-plaintiff did not have independent contractual relationship with the plan). Valid assignments may confer standing upon the assignee to assert claims under ERISA on behalf of the assignor. *Misic*, 789 F.2d at 1379; *see also Northwest Administrators, Inc. v. Con Iverson Trucking, Inc.*, 749 F.2d 1338, 1339 (9th Cir. 1984). Summarily, health care providers may obtain derivative standing to assert claims under ERISA by securing an assignment of the party with standing's rights. *See Eden Surgical Ctr. v. B. Braun Med., Inc.*, 420 F. App'x 696, 697 (9th Cir. 2011).

"Assignment agreements are generally interpreted narrowly." *Sanctuary Surgical*, 546 F. App'x at 851; *see also Eden Surgical Ctr.*, 420 F. App'x at 697 (examining plan participants' intent when assigning rights). "The assignment must be 'express and knowing.'" *Sanctuary Surgical*, 546 F. App'x at 851 (quoting *Tex. Life, Acc. Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.,* 105 F.3d 210, 218–19 (5th Cir. 1997)). Assignees rights cannot exceed the rights granted by the assignment. *See Eden Surgical Ctr.*, 420 F. App'x at 697 (denying defendant's right to sue for statutory penalties when assignment only permitted the right to seek judicial review of denied claims). Here, Plaintiff misconstrues the assignment of benefits, which is better categorized as payment authorization. *See* Doc. No. 23, Exhibit A. The alleged assignment of benefits is the right to receive direct payment for insurance benefits. The assignment does not confer any right beyond the right to receive direct payment, such as the right to seek remedial relief under ERISA §§ 502(a)(1)(B) and (a)(3).

Plaintiff confounds the terms of the two contracts at issue: one is an agreement between the plan and plan participants; the other contains the terms of the provider agreement between the plan administrator and the health care provider. Nonetheless, the rights to receive payment for medical service benefits "are not claims for benefits under the terms of ERISA plans." *Blue Cross*, 187

6

F.3d at 1050. In *Blue Cross*, the health insurer brought actions against health care providers for breach of provider agreements. Relying on the argument that the providers had obtained benefit assignments from their patients, the health insurers sought federal jurisdiction under ERISA § 502(a). The Ninth Circuit concluded that because the plan beneficiaries were removed from a dispute "arising out of separate agreements for the provision of goods and services," the mere assignment of benefits does not create claims to recover benefits under an ERISA plan. *Blue Cross*, 187 F.3d at 1052. As in *Blue Cross*, the dispute here is provider remuneration under the independent contractual agreement terms between Plaintiff and Defendant. The plan beneficiaries' right to ERISA benefits are not disputed. Thus, because the beneficiaries' rights are not at issue, ERISA is not implicated.

Moreover, in order for derivative standing to exist, the plaintiff must be the beneficiaries' assignee. In *Reich v. Metrahealth Inc.*, 87 F.3d 1321 (9th Cir. 1996), Dr. Laurence Reich, who operated Solutions Surgical Center, filed suit against an ERISA-regulated claims administrator for wrongfully denying benefits. Recognizing that healthcare providers can hold derivative standing, the Ninth Circuit dismissed Reich's claims because the plan beneficiaries assigned their benefits to Solutions Surgical Center, not to Dr. Reich. Here, based upon a plain reading of the payment authorization, the patients authorized direct payment "To The Physician [sic]," not to AWHC, the plaintiff in this case. Without an indication that AWHC is acting as an agent of "The Physician," Plaintiff lacks derivative standing.

**C. Preemption**

Plaintiff alleges ERISA preempts the provider agreement pursuant to ERISA's conflict preemption doctrine, derived from ERISA § 502(a), and ERISA's express preemption clause, pursuant to ERISA § 514(a), codified at 29 U.S.C. § 1144(a), Plaintiff arrives at this conclusion because it seeks to recover payment for services rendered to patients covered under an ERISA plan. Compl. at ¶ 22.

"There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in ERISA § 502(a)." *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011). Conflict preemption under ERISA § 502(a) allows removal of state-law claims to federal court if the section's remedial scheme "'completely preempts' state-law causes of action within the scope of these civil enforcement provisions." *Fossen*, 660 F.3d at 1107 (quoting *Aetna v. Davila*, 542 U.S.200, 207-08 (2004).

**1. Conflict or Complete Preemption**

When claims cannot be pursued under ERISA § 502(a) and when "they rely on duties independent of the duties under any benefit plan established under ERISA," they are not completely preempted. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 943 (9th Cir. 2009). The Ninth Circuit concisely explains:

> "[W]e have distilled a two-part test for determining whether a state-law claim is completely preempted by ERISA § 502(a) [29 U.S.C. § 1132(a)]: "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.' "

*Fossen*, 660 F.3d at 1107-08 (quoting *Marin*, 581 F.3d at 946).

ERISA § 502(a) preempts state laws that provide "a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217-18 (2004). In other words, for claims that arise under ERISA, ERISA provides the exclusive remedies. In *Pilot Life Insurance Company v. Dedeaux*, the Supreme Court articulated that, "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if *ERISA-plan participants and beneficiaries* were free to obtain remedies under state law that Congress rejected in ERISA." 481 U.S. 41, 54 (1987) (emphasis added).

For conflict or complete preemption under ERISA § 502(a), Plaintiff does not have access

8

to ERISA's exclusive remedial scheme because Plaintiff does not have standing as a participant or beneficiary. Accordingly, any state law claim that Plaintiff might have is not a claim for benefits outside of, or in addition to, ERISA's exclusive remedial scheme. This Court's analysis need go no further than to recognize that Plaintiff does not meet the first prong because, lacking statutory or derivative standing, its claims are not actionable under ERISA § 502(a)(1)(B).

### 2. Express Preemption

Plaintiff's complaint made the conclusory statement that, "Any provision of Plaintiff's provider agreement that could bear upon recoupment issues in this matter is preempted by ERISA pursuant to [ERISA § 514(a)]." Doc. No. 1, Compl. at ¶ 22. In Plaintiff's opposition to the present motion, Plaintiff relied upon *Davila* to assert that any "provider agreements, … to the extent that they infringe upon, affect, or interfere with the 'right to payment' under such plans, are preempted by ERISA." Doc. No. 22 at 9.[5]

ERISA § 514(a) broadly preempts "any and all State laws insofar as they may or hereafter relate to any employee benefit plan" that is ERISA regulated, with exceptions unrelated to the present instance. 29 U.S.C. § 1144(a); *see also Fossen,* 660 F.3d at 1108. "A law 'relates' to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 97 (1983). *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, clarified that "[a]n indirect economic influence…does not bind plan administrators to any particular choice and thus function as a regulation of an ERISA plan itself…." 514 U.S. 645, 659 (1995). In a similar vein, the Supreme Court in *De Buono v. NYSA-ILA Med. & Clinical Servs. Fund*, held that, "Any state tax, or other

---

[5] This Court acknowledges Plaintiff's reliance on *Davila*'s *dicta* providing that the purpose of ERISA is to provide "a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." 542 U.S. 200 (2004). However, Plaintiff neglected to consider *Travelers'* conclusion that "indirect economic effects on the relative costs of various health insurance packages in a given State are a far cry from those 'conflicting directives' from which Congress meant to insulate ERISA plans." 514 U.S. 645, 662 (1995).

law, that increases the cost of providing benefits to covered employees will have some effect on the administration of ERISA plans, but that simply cannot mean that every state law with such an effect is pre-empted by the federal statute." 520 U.S. 806, 816 (1997).

In considering ERISA's preemptive effect over a similar provider agreement, the Ninth Circuit concluded:

> "The fact that Blue Cross may be responsible for reviewing claim appeals for one ERISA plan also does not suggest that the Providers' state contract claims against Blue Cross encroach on relationships governed by ERISA. Even if Blue Cross is viewed as an ERISA fiduciary in its handling of claim appeals, that still does not imply that the Providers' state law claims against it implicate ERISA-governed relationships. The Providers' claims concern only promises that Blue Cross made as a health care plan provider to its participating physicians. They do not touch on Blue Cross' fiduciary status, or any claims that a beneficiary may make against Blue Cross in that capacity."

*Blue Cross*, 187 F.3d at 1054. A health care provider's state law contract claims do not alter an ERISA-regulated plan's administration of benefits to the plan participants. Thus, economic incentives to health care providers are not a sufficient predicate to trigger ERISA's express preemption clauses. Accordingly, the provider agreement is not preempted under ERISA § 514(a).

Defendant's motion to dismiss for lack of subject matter jurisdiction will be granted on the first, second, and third causes of action with prejudice.

**b. Fourth Cause of Action**

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes any court of the United States to grant declaratory relief in any case that is otherwise properly within the court's jurisdiction. Under the Declaratory Judgment Act, Plaintiff seeks declaratory relief that Defendant's past, present, and future conduct of offsetting current claims in order to recoup past payments to government-sponsored plans regulated by the Patient Protection and Affordable Care Act ("PPACA") is unlawful. Plaintiff further seeks judgment in an amount equal to all money offset on the PPACA plans. Defendant filed a Rule 12(b)(6) motion to dismiss this claim for failure to state a claim upon which relief can be granted.

### i. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's factual allegations are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Balckfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. and Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

### A. PPACA Claims Procedure

Plaintiff alleges that the PPACA regulates the non-ERISA-regulated government-sponsored plans at issue in this dispute. Compl. at ¶¶ 28-33. Plaintiff alleges that the PPACA incorporated by reference the ERISA Claims Procedure for government-sponsored plans. Compl. at ¶ 28. The ERISA Claims Procedure has a detailed claims dispute process, though Plaintiff and Defendant dispute its applicability to providers. Regardless, Plaintiff alleges that per PPACA's incorporation of the ERISA Claims Procedure, Defendant is not authorized to unilaterally and

11

retroactively determine whether medical services are not covered by the plan and are, thus, subject to recoupment. Compl. at ¶ 29. Defendant concedes that the PPACA incorporates the ERISA Claims Procedure. Reply at 17. Rather, Defendant alleges that while the PPACA incorporates the ERISA Claims Procedure, the Claims Procedure's own terms exempt government-sponsored plans from the regulation. Reply at 17. Defendant's argument is persuasive.

The PPACA established an internal appeals process for group health plans. 42 U.S.C.A. § 300gg-19. The PPACA incorporates the ERISA Claims Procedure at 29 C.F.R. § 2560.503-1 to create internal appeals process standards by which PPACA group health plans must comply. 42 U.S.C. § 300gg-19(a)(2)(A). The ERISA Claims Procedure defines its scope as: "Except as otherwise specifically provided in this section, these requirements apply to every employee benefit plan described in section 4(a) and not exempted under section 4(b) [29 U.S.C. § 1003(b)] of the Act." 29 C.F.R. § 2560.503-1(a). Title 29 U.S.C. § 1003(b) provides that, "the provisions of this subchapter shall not apply to any employee benefit plan if such plan is a government plan." Accordingly, the plain language of these statutes exempts government plans from the PPACA incorporated Claims Procedure. Without pleading an actionable cause that is required as a predicate for declaratory relief, Plaintiff, therefore, has failed to state a claim upon which relief can be granted. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1111 (9th Cir. 2001) ("No case has held that changes to the scope or content of the federal litigation itself are not pertinent to the exercise of Declaratory Judgment Act jurisdiction over that very action.")

As required by 28 U.S.C. § 2201, Plaintiff has not pled a federal jurisdiction basis independent of ERISA.

Defendant's motion to dismiss the fourth cause of action for failure to state a claim upon which relief can granted will be granted but without prejudice.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the first, second, and third causes of action for lack of subject matter jurisdiction is GRANTED with prejudice; and

2. Defendant's motion to dismiss the fourth cause of action for failure to state a claim upon which relief can be granted is GRANTED without prejudice.

The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   July 22, 2014                                   _____
                                                         SENIOR  DISTRICT  JUDGE